**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| QAWIY ALSBROOKS. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | |
| ZURICH AMERICAN INSURANCE | ) | [On Removal from the State Court of |
| COMPANY and MARSH & | ) | DeKalb County, Civil Action File |
| MCLENNAN AGENCY, LLC | ) | No.: 24A03403] |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**NOTICE OF REMOVAL**

COMES NOW, Defendant Marsh & McLennan Agency, LLC (hereinafter, "MMA" or "Defendant"), Defendant in the above captioned matter, and within the time prescribed by law, files this Notice of Removal, respectfully showing the Court the following:[1]

1.

Defendant MMA, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the Federal Rules of Civil Procedure, hereby files this Notice of Removal of this civil action from the State Court of DeKalb County Georgia to the United States District Court

---

[1] Co-Defendant Zurich American Insurance Company consents to removal.

for the Northern District of Georgia, Atlanta Division. The removal of this action is proper for the reasons set forth below.

2.

On or about June 10, 2024, Plaintiff, Qawiy Alsbrooks ("Plaintiff"), filed this civil action in the State Court of DeKalb County, styled as *Qawiy Alsbrooks v. Zurich American Insurance Company and Marsh & McLennan Agency, LLC* which was assigned case number 24A03403. True and correct copies of all process, pleadings and other papers on file in the State Court of DeKalb County are attached as **Composite Exhibit "A"** and incorporated herein by reference. *See* 28 U.S.C. § 1446.

3.

Defendant MMA received service of a copy of the Complaint on or about June 20, 2024. This notice of removal is timely filed within thirty (30) days from the date of service of the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding thirty-day removal period begins to run when the defendant is formally served).

4.

The United States District Court for the Northern District of Georgia has original subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1332

(diversity jurisdiction) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the statutory threshold of $75,000.00.

5.

There is diversity of citizenship between Plaintiff and Defendants. Plaintiff is a resident of the State of Georgia. (*See* Complaint at ¶ 2).

Neither Defendant resides in Georgia. Defendant Zurich American Insurance Company is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. Defendant MMA is a foreign limited liability company incorporated under the laws of the State of Delaware with its principal place of business in the State of New York. Also, no member of MMA's corporate ownership is a resident of Georgia.[2]

As a result, because Plaintiff is a resident of the State of Georgia and neither Defendant is incorporated in or maintains its principal place of business in the State of Georgia, there is complete diversity between the Parties.

---

[2] In the Complaint, Plaintiff wrongly alleges the principal place of business for each Defendant is Georgia.

3

6.

The amount in controversy requirement is also satisfied. Plaintiff requests relief for his claims of Negligence, Breach of Duty (fiduciary), Hostile Work Environment, and Intentional Infliction of Emotional distress. Plaintiff's Complaint additionally asserts violations of O.C.G.A. § 34-1-2 (Prohibition of Age Discrimination in Employment), O.C.G.A. § 51-6-1 (Right of Action for Fraud Accompanied by Damage), and O.C.G.A. § 34-2-10 (Employer's Duty With Respect to Provision of Safe Environment Generally). Plaintiff's Complaint does not specify a particular amount of recovery.

Although Defendants dispute that Plaintiff has any valid claims or is entitled to any relief, the amount placed in controversy by Plaintiff's claims could reasonably exceed $75,000. Where, as here, the Complaint does not allege a specific amount of damages, the removing defendant must make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[T]he evidence the defendant may use to establish the jurisdictional facts is not limited to that which it received from the plaintiff or the court." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 768 (11th Cir. 2010). Moreover, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other

reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michel in N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754). Furthermore, "[t]o determine whether a complaint sets forth a claim that meets the jurisdictional minimum ... we examine the allegations in light of the particular causes of action chosen by the plaintiff." *Id.* at 1065.

The Eleventh Circuit has recently considered a similar case. *See Odelia v. Alderwoods (Ga.), LLC*, 823 F. App'x 742, 746 (11th Cir. 2020). In *Odelia*, the Eleventh Circuit found that even though the plaintiff only alleged a breach of contract claim of $655.50, because the plaintiff also brought claims of fraud, negligence, intentional infliction of emotional distress, and punitive damages, that it was "hard to imagine that the combined sum of all those claims, plus the punitive damages sought, would not exceed $75,000." *Odelia*, 823 F. App'x at 746.

Similarly, in this case, Plaintiff has alleged, fraud, negligence, and intentional infliction of emotional distress just like the plaintiff in *Odelia*. (*See* Plaintiff's Complaint). Additionally, Plaintiff's Complaint also alleged claims of breach of fiduciary duty, hostile work environment, and the violation of an age discrimination statute and a workplace safety statute. (*See* Plaintiff's Complaint). Like *Odelia*, it is hard to imagine that the combined sum of all those claims, with extreme emotional

damages, would not exceed $75,000.

Moreover, on July 17, 2024, Plaintiff sent an email to undersigned counsel making it clear that he is seeking in excess of $75,000:

> The actual damages amount to $4.5 million, calculated as follows: 30 years of future employment at an annual salary of $150,000.00.

> Additionally, the relief sought for harassment, bullying, and emotional distress is $2 million. As you are aware, coercing someone to break the law is highly unethical and damaging.

> The total relief sought is $6.5 million.

> A true and accurate copy of this email attached hereto as **Exhibit "B"**.

In sum, Plaintiff's claims, while unfounded and frivolous, exceed the jurisdictional amount in controversy requirement.

7.

For the foregoing reasons, removal based on diversity jurisdiction is proper.

8.

Moreover, the State Court of DeKalb County is located within the geographic bounds covered by the United States District Court for the Northern District of Georgia, Atlanta Division. Thus, venue is proper in this Court because it is "the district and division embracing the place where the action is pending," 28 U.S.C. § 1441(a), and removal to this Court is proper under 28 U.S.C. § 1446(a).

6

9.

Pursuant to 28 U.S.C. § 1446(d), Defendant MMA has provided written notice of the removal to Plaintiff, who is proceeding *pro se*, and Defendant MMA has filed a copy of this Notice of Filing Notice of Removal with the Clerk of the Court for the State Court of DeKalb County.

10.

By filing this Notice of Removal, Defendants expressly reserve, and do not waive, any and all defenses they may have to any of Plaintiff's claims asserted in the Complaint, and do not concede any of the allegations in the Complaint.

WHEREFORE, Defendant, Marsh & McLennan Agency, LLC respectfully requests that the above-referenced action now pending in the State Court of DeKalb County, Georgia, Case No. 24A03403, be removed therefrom in its entirety to this Court, and, pursuant to 28 U.S.C. § 1446, that the State Court of DeKalb County, Georgia proceed no further unless and until the case is remanded.

This 22nd day of July, 2024.

Respectfully submitted,

*/s/ C. Todd Van Dyke*
C. Todd Van Dyke
Georgia Bar No. 723420
Todd.VanDyke@jacksonlewis.com
John M. McCall
Georgia Bar No. 778954

7

John.mccall@jacksonlewis.com
JACKSON LEWIS P.C.
171 17th Street NW
Suite 1200
Atlanta, Georgia 30363
Telephone: (404) 586-1800
Fax: (404) 525-1173
*Attorneys for Defendant Marsh &*
*McLennan Agency, LLC*

Defendant Zurich American Insurance Company consents to this motion.

*/s/  Darrick L. McDuffie*
Darrick L. McDuffie
Georgia Bar No. 490248
David N. Korsen
Georgia Bar No. 845200
Constangy, Brooks, Smith & Prophete, LLP
230 Peachtree Street, N.W., Suite 2400
Atlanta, Georgia 30303-1557
*Attorneys for Defendant Zurich American*
*Insurance Company*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| QAWIY ALSBROOKS. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | |
| ZURICH AMERICAN INSURANCE | ) | [On Removal from the State Court of |
| COMPANY and MARSH & | ) | DeKalb County, Civil Action File |
| MCLENNAN AGENCY, LLC | ) | No.: 24A03403] |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

By signature below, counsel certified that the foregoing pleading was

prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1(C).

Respectfully submitted,

/s/ C. Todd Van Dyke
C. Todd Van Dyke
Georgia Bar No. 723420
Todd.VanDyke@jacksonlewis.com
John M. McCall
Georgia Bar No. 778954
John.mccall@jacksonlewis.com
JACKSON LEWIS P.C.
171 17th Street NW
Suite 1200
Atlanta, Georgia 30363
Telephone: (404) 586-1800
Fax: (404) 525-1173
*Attorneys for Defendant Marsh &
McLennan Agency, LLC*

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| QAWIY ALSBROOKS. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | |
| ZURICH AMERICAN INSURANCE | ) | [On Removal from the State Court of |
| COMPANY and MARSH & | ) | DeKalb County, Civil Action File |
| MCLENNAN AGENCY, LLC | ) | No.: 24A03403] |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I certify that on this day, I have filed the foregoing **NOTICE OF REMOVAL**

via the Court's ECF system, which will send a copy to:

Darrick L. McDuffie
David N. Korsen
Constangy, Brooks, Smith & Prophete, LLP
230 Peachtree Street, N.W., Suite 2400
Atlanta, Georgia 30303-1557
*Attorneys for Defendant Zurich American Insurance Company*

The foregoing was also served on the following party via the Court's ECF system,

electronic mail and First Class Mail:

10

Qawiy R. Alsbrooks
2543 Oakbourne Lane
Smyrna, GA 30080
qalsbroo@yahoo.com
*Pro Se Plaintiff*

This 22nd day of July, 2024

**JACKSON LEWIS P.C.**

*/s/ C. Todd Van Dyke*
C. Todd Van Dyke
Georgia Bar No. 723420
Todd.VanDyke@jacksonlewis.com

11